STEPHANIE FORMAN, ESQ.; STATE BAR NO. 195757
ROGER W. BACKLAR, ESQ.; STATE BAR NO. 225277
E-Mail: Sforman@tharpe-howell.com
E-Mail: Rbacklar@tharpe-howell.com

**THARPE & HOWELL, LLP**
**15250 Ventura Boulevard, Ninth Floor**
**Sherman Oaks, California  91403**
**(818) 205-9955; (818) 205-9944 fax**

Attorneys for Defendant, LOWE'S HOME CENTERS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ZUBIN LEVY,<br><br>     Plaintiff,<br><br>v.<br><br>LOWE'S COMPANIES, INC.; DOES 1 to 25,<br><br>     Defendants. | CASE NO.:<br>*Superior Court Case No.:* 56-2021-00559248-CU-PO-VTA<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332 & § 1441(B) (DIVERSITY)**<br><br>Complaint Filed:  October 22, 2021 |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1332 and § 1441(b), Defendant LOWE'S HOME CENTERS, LLC, contemporaneously with the filing of this notice, is effecting the removal of the below referenced action from the Superior Court of the State of California for the County of Ventura, to the United States District Court, Central District of California – Western Division.  The removal is based, specifically, on the following grounds.

///

///

///

///

- 1 -

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**

1

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

## JURISDICTION AND VENUE ARE PROPER

2

3

4

5

6

7

1.    This is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.  28 U.S.C. §§ 1332, 1441(a), and 1446(b).

8

9

2.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(2), 1391 and 1446.

10

## PLEADINGS, PROCESS AND ORDERS

11

12

13

14

15

3.    On October 22, 2021, Plaintiff ZUBIN LEVY commenced the above-entitled civil action in the Superior Court for the County of Ventura by filing a Complaint therein entitled <u>Zubin Levy v. Lowe's Companies, Inc. et al.</u>, Case No. 56-2021-00559248-CU-PO-VTA.  A conformed, true and correct copy of the complaint is attached hereto and incorporated herein by reference **Exhibit A**.

16

17

18

19

20

21

4.    On November 8, 2021, plaintiff purported to serve unconfirmed copies of a Summons, Complaint, and Civil Case Cover Sheet on Defendant Lowe's Companies, Inc. However, service was defective as it was made a purported agent for service of process in California. Lowe's Companies, Inc., is not registered to do business in California and does not maintain an agent for service of process in California.

22

23

24

5.    On December 22, 2021, Plaintiff filed an Amendment to the Complaint substituting "Lowe's Home Centers, LLC" in place of the Defendant previously sued as Doe 1.

25

26

27

28

6.    On January 7, 2022, Plaintiff filed a Request for Dismissal, dismissing Defendant "Lowe's Companies, Inc." A true and correct copy of the Request for Dismissal served on counsel for Defendant is attached hereto and incorporated herein by reference as **Exhibit B.** Defendant has not been served with a conformed copy or a

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 &
§1441(B) (DIVERSITY)

copy showing the dismissal was signed and entered by the clerk. However, Defendant is informed and believes the dismissal was entered on or about January 7, 2022.

7.     After approximately eight months, on August 18, 2022, Plaintiff served counsel for Lowe's Home Centers, LLC, by email with the Complaint (**Exhibit A**). Plaintiff also served counsel for Lowe's Home Centers, LLC, with the following documents, true and correct copies of which are attached hereto and incorporated by reference herein as **Exhibit C**:

      a.     A Summons directed to Lowe's Home Centers, LLC;

      b.     The Amendment to the Complaint naming Lowe's Home Centers, LLC, in place of Doe 1;

      c.     A Civil Case Cover Sheet; and

      d.     A Notice and Acknowledgment of Receipt form.

8.     On August 19, 2022, counsel for Lowe's Home Centers, LLC, signed and returned the Acknowledgement of Receipt to Plaintiff, completing service on Lowe's Home Centers, LLC. *See* **Exhibit C**.

9.     On August 24, 2022, Defendant Lowe's Home Centers, LLC, filed its Answer to Plaintiff's Complaint. A true and correct copy of Defendant's Answer is attached hereto and incorporated herein by reference as **Exhibit D**.  On August 24, 2022, Defendant also filed its Demand for Trial by Jury, a true and correct copy of which is attached hereto and incorporated herein by reference as **Exhibit E.**

10.     On September 6, 2022, Plaintiff filed Amendments to the Complaint substituting three new defendants in place of defendants previously sued as Does 2, 3, 4. Plaintiff substituted "MJL Brooke Ventura LLC" in place of Doe 2, "MJL Packer Ventura LLC" in place of Doe 3, "SH Ventura LLC" in place of Doe 4.  True and correct copies of these Amendments are attached hereto and incorporated herein by reference as **Exhibit F.**

11.     On September 8, 2022, Plaintiff served defendant with a Statement of Damages pursuant to California *Code of Civil Procedure* section 425.11(b). A true and

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 3 -

correct copy of Plaintiff's Statement of Damages is attached hereto and incorporated herein by reference as **Exhibit G.**

12.     On September 9, 2022, Plaintiff filed a Substitution of Attorney. A true and correct copy is attached hereto and incorporated herein by reference as **Exhibit H.**

13.     On September 12, 2022, Plaintiff filed and served his Notice of Posting of Jury Fees and Demand for Jury Trial. True and correct copies are attached hereto and incorporated herein by reference as **Exhibit I.**

14.     On September 13, 2022, the Court served the parties with  a Notice of Mandatory Appearance Case Management Conference. A true and correct copy is attached hereto and incorporated herein by reference as **Exhibit J.**

15.     The attached exhibits constitute all process, pleadings and orders served upon Defendant LOWE'S HOME CENTERS, LLC, in this matter.

## **DIVERSITY**

### **A.     Citizenship**

16.     This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  This action is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b), as the action is between citizens of different states.

17.     Plaintiff was, at the time of the filing of this action, and presently remains, domiciled in the State of California and is therefore a citizen of the State of California.

18.     The original Defendant LOWE'S COMPANIES, INC., which was never properly served in this matter, is a North Carolina corporation with its principal place of business in North Carolina. It was dismissed on January 7, 2022, *see* **Exhibit C.**  In any event, this entity is incorporated in the State of North Carolina, maintains its principal place of business in North Carolina, and is therefore a citizen of that state for diversity purposes. Its presence would not affect diversity. This entity does not own or

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

operate the store at which this incident happened and does not do business in California. Therefore, it was not properly joined. Because it has not been properly joined or served, and has been dismissed, its consent to removal is not required under 28 U.S.C. § 1446(b)(2)(A).

19.     Defendant LOWE'S HOME CENTERS, LLC is a North Carolina limited liability company.  The citizenship of a limited liability company, for purposes of diversity jurisdiction, is the citizenship of its members.  *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  LOWE'S HOME CENTERS, LLC is a manager-managed limited liability company with its only member being Lowe's Companies, Inc.  Lowe's Companies, Inc., as noted above, is incorporated in North Carolina with its principal place of business in the State of North Carolina.  Accordingly, LOWE'S HOME CENTERS, LLC is a citizen of the State of North Carolina.

20.     On information and belief, recently named defendants "MJL Brooke Ventura LLC," "MJL Packer Ventura LLC," and "SH Ventura LLC" are or may be property owners/managers of adjoining parcels. Regardless of their citizenship, the court should disregard them because they are fraudulently joined parties. This action arises from an incident which occurred inside a Lowe's store in Ventura, California. Defendant Lowe's Home Centers, LLC, is the *sole* owner and possessor of the property, *solely* controlled the store, and was the *sole* entity responsible for the safety of conditions on the premises. Lowe's Home Centers, LLC, has no business relationship with any of these three defendants and they have no interest in or control of the property or the store premises. Therefore, they cannot be liable to Plaintiff under any theory and are fraudulently joined. Nor have they, to defendant's knowledge, been properly served yet. Therefore, because they have not been properly joined or served, their consent to removal is also not required under 28 U.S.C. § 1446(b)(2)(A).

21.     Therefore, complete diversity of citizenship exists as between Plaintiff and the only properly joined and served Defendant, Lowe's Home Centers, LLC, and

- 5 -

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**

1   all other defendants must be disregarded for diversity purposes.

2   **B.   <u>Fictitious Does</u>**

3   22.   Defendants DOES 2 to 25, inclusive, are wholly fictitious.   The

4   Complaint does not set forth the identity or status of any said fictitious defendants.   In

5   determining whether a civil action is removable on the basis of jurisdiction under

6   section 1332(a), the citizenship of defendants sued under fictitious names shall be

7   disregarded.   28 U.S.C § 1441(b)(1); <u>Newcombe v. Adolf Coors Co.</u>, 157 F.3d 686,

8   690-91 (9th Cir. 1998).   Accordingly, the mere fact that the Complaint makes reference

9   to fictitious defendants does not destroy diversity jurisdiction and does not preclude

10   this action from being properly removed to this Court.

11   <u>**AMOUNT IN CONTROVERSY**</u>

12   23.   Plaintiff's Complaint sets forth a cause of action for negligence and

13   premises liability.   *See*, **Exhibit A.**   Plaintiff alleges that on May 2, 2019, Plaintiff was

14   on the premises of Defendant's retail store.   Plaintiff contends that suddenly and

15   without warning, an improperly secured dowel that was holding bolts of fabric fell on

16   Plaintiff's leg, causing him to sustain injuries and damages.   Although Plaintiff was

17   prohibited from stating a specific amount demanded in his Complaint, Defendant has

18   been able to ascertain through "other paper" that the amount in controversy exceeds

19   $75,000.00.[1]

20   24.   Where a complaint does not allege a specific amount in damages, the

21   removing defendant bears the burden of proving by a "preponderance of the evidence"

22   facts that support an inference that the amount in controversy exceeds the statutory

23   minimum.   *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1996);

24   *see, McPhail v. Deere and Company*, 529 F.3d 947, 955 (10th Cir. 2008) ("It is only

25   the jurisdictional facts that must be proven by a preponderance – not the legal

26   conclusion that the statutory threshold amount is in controversy.").   This standard is

27

28   ---
[1] California Law prohibits personal injury plaintiffs from stating a specific amount of damages sought in the complaint.   <u>See, Cal. Code Civ. Proc.</u> § 425.10.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 &
§1441(B) (DIVERSITY)**

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

not a "daunting" one, as courts recognize that unlike the "legal certainty test" applicable where the complaint does allege a specific amount in damages, the removing defendant is not obligated to "research, state, and prove the plaintiff's claim for damages." *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994); *see also*, *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008).

25.     A defendant must merely set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum. A defendant must establish jurisdiction by proving jurisdictional facts, i.e. proof of what the plaintiff is seeking to recover. McPhail, 529 F.3d at 954-55. "Once the facts have been established, uncertainty about whether the plaintiff can prove [h]is substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal." Meridian Secs. Ins. Co. v. Sadowski, 441 F.3d 540, 543 (7th Cir. 2006); see also, McPhail, 529 F.3d at 954 (once underlying jurisdictional facts are proven, "a defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake").

26.     28 USC § 1446(b)(3) provides that, where the case stated by the initial pleading is not removable, a notice of removal can be filed within thirty (30) days after receipt by the defendant, through service or otherwise, of an amended pleading, motion, order "or other paper" from which it may first be ascertained that the case is one which is or has become removable. The term "other paper" under 28 U.S.C. § 1446(b) refers to any document that is part and parcel of state court proceedings having their origin and existence by virtue of the state court processes. Here, Plaintiff sent Defendant a Statement of Damages on September 8, 2022, claiming $1,003,469 million in combined economic and non-economic compensatory damages.

27.     The test for whether the amount in controversy is satisfied is whether there is a "reasonable probability" that the claim exceeds $75,000. *Scherer v. The Equitable Life Assurance Society of the U.S.,* 347 F.3d 394, 397 (2d. Cir. 2003). The Ninth Circuit has adopted the "either-viewpoint rule," meaning that the amount in

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**

controversy requirement is satisfied if (1) Plaintiff seeks to recover more than $75,000.00 or (2) the recovery Plaintiff seeks will cost the defendant more than the jurisdictional threshold. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 405 (9th Cir. 1996).

28.    Plaintiff's Statement of Damages, *see* **Exhibit G**, constitutes "other paper" and satisfies the amount in controversy requirement. Plaintiff claims entitlement to over $650,000 in economic damages, including past and future medial expenses and past and future lost earnings, as well as $325,000 in non-economic damages. Therefore, federal jurisdiction is proper.

## TIMELINESS OF REMOVAL

29.    This Notice of Removal is timely filed in that it has been filed within thirty (30) days after receipt of Plaintiff's Statement of Damages on September 8, 2022, which first indicated that the amount in controversy exceeds $75,000 and the matter is removable. 28 U.S.C. § 1446(b)(3). The thirtieth day is October 8, 2022, a Saturday, so the deadline for Removing Defendant Lowe's to remove is Monday, October 10, 2022. Fed.R.Civ.P. 6(a)(1)(C); *Anderson v. State Farm Mut. Auto. Ins. Co.* (9th Cir. 2019) 917 F. 3d 1126, 1128, fn. 2; *Moistner v. Aerojet Rocketdyne, Inc.*, 2021 U.S. Dist. LEXIS 134192, at *3 (C.D. Cal. 2021).

30.    Further, the instant removal is brought within one year of the commencement of the underlying action as required by 28 U.S.C. section 1446(c)(1). As noted, Plaintiff filed the Complaint on October 22, 2021. Moreover, any delay in removing is solely due to Plaintiff's roughly eight month delay between when he amended to name Lowe's Home Centers, LLC, and when he actually served Lowe's Home Centers, LLC.

///
///
///
///

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**

31.     For all of the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441(b) and removal is proper at this time.

Dated:  September 28, 2022                    THARPE & HOWELL, LLP


                                    By:_____/s/ Stephanie Forman_____
                                         STEPHANIE FORMAN, ESQ.
                                         ROGER W. BACKLAR, ESQ.
                                         Attorneys for Defendant,
                                         LOWE'S HOME CENTERS, LLC

**THARPE & HOWELL, LLP**
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1.   At the time of service I was at least 18 years of age and **not a party to this legal action.**

2.   My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3.   I served copies of the following documents (specify the exact title of each document served):

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**

4.   I served the documents listed above in item 3 on the following persons at the addresses listed:

| | |
|---|---|
| Jonathan Lee Borsuk<br>Warner Center<br>21550 Oxnard Street, Suite 630<br>Woodland Hills, CA  91367<br>Tel: 917.362.7561<br>Fax: 917.725.9676<br>Email: jonathan@jlborsuk.com<br>Email: alicia@jlborsuk.com | Attorneys for Plaintiff, ZUBIN LEVY |

5.   a  ___  **By personal service**.  I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4.  (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.  (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

   b  **X**  **By United States mail**.  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one)*:

   (1)  ___  deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

   (2)  **X**  placed the envelope for collection and mailing on the date shown below, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**

I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Sherman Oaks, California.

c  —  **By overnight delivery.**  I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d  —  **By fax transmission.**  Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4.  No error was reported by the fax machine that I used.  A copy of the fax transmission, which I printed out, is attached to my file copy.

e  —  **By e-mail or electronic transmission.**  By e-mailing the document(s) to the person(s) at the e-mail address(es) listed in item 4 pursuant to California Code of Civil Procedure Section 1010.6. I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4.  No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

6.    I served the documents by the means described in item 5 on *(date):  See Below*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

9/28/22          Bertha Muñoz                          *Bertha Munoz*
DATE           (TYPE OR PRINT NAME)            (SIGNATURE OF DECLARANT)

I:\32000-000\32498\Pleadings\FEDERAL\Notice of Removal - final.docx

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**